REED *VS.* BRASHER.

1. The County court has jurisdiction of the estate of a deceased Indian of the Creek tribe, and a grant of administration on such an estate is valid.

Error to the Circuit court of Shelby.

Case for the conversion of a slave, tried before *Chapman*, J.

Plaintiff brought his action against defendant to recover a slave, which defendant claimed as administrator of the estate of Samuel Hawkins, deceased. The letters of administration were received in evidence, but objected to by plaintiff, as Hawkins was an Indian of the Creek tribe. Verdict and judgment for defendant.

The error assigned, was the admission of the letters testamentary in evidence.

*Clark*, for plaintiff in error.
*Martin*, contra.

COLLIER, C. J.—The bill of exceptions presents several questions which were not noticed in the argument, and as they do not, in our opinion, show the judgment of the Circuit court to be erroneous, we do not feel called on to examine them more particularly.

The only point made by the plaintiff in error, is, that the grant of administration to the defendant, Thomas H. Brasher, by the judge of the County court of Shelby, was void, because Samuel Hawkins, the intestate, was an In-

Reed *vs.* Brasher.

dian belonging to the Creek tribe of Indians.   Such being his character, it is insisted that he was not a citizen of this State, and that our courts have no right to exercise jurisdiction over any estate he may have left at his death. Without undertaking to enquire whether the premises assumed are well founded, we are satisfied that the conclusion deduced, is not a necessary result.

By the 3d section of the act of eighteen hundred and twenty-nine, to extend " the jurisdiction of the State of Alabama over the Creek nation," it is enacted that the jurisdiction of the Orphan's courts, &c. of the counties to which the *Creek territory* within the limits of this State is attached, be extended over the same.   Among the counties whose limits are thus enlarged, Shelby is enumerated.    This act, the plaintiff's counsel contends, was not intended to subject to the process of our courts, the estates of the Indians, but those only who were citizens of the State, and residing within the nation.   Waiving the examination of this argument, as the decision of the case does not require it, we think it clear, that the jurisdiction exercised by the County court of Shelby, is *primâ facie* regular.   It is enacted, that " where any person may have died, having no known place of residence within any county of this State, his or her will may be proved, and letters testamentary or of administration thereon granted, in the county where the lands devised, or any part thereof, lie ; or the will may be proved, and letters testamentary granted, or administration may be granted in any county where the goods and chattels and debtors, or any part thereof, of such testator or intestate, may be"—(Aik. Dig. sec. 28, p. 251.)   Now, our laws

have always recognised the capacity of the Indian to acquire property and to make contracts, and, of consequence, his right to sue, and his liability to be sued:— and possessing these rights, and being subject to this liability, it would seem necessarily to result, that any property of which he was the owner at the time of his death, might be administered on, for the benefit of creditors.

It does not appear from the record, but that the negro, the subject of this suit, was in the county of Shelby, (as defined previous to the extension of its limits,) at the time of the grant of administration; and, in fact, we are authorised, if necessary, to intend that she was there. This being the case, under the act last cited, it was clearly competent for the court to have granted the letters of administration, under which Thomas H. Brasher defended. And the consequence is, that the judgment of the Circuit court is affirmed.